Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Apr 08 2013, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FRANKLIN ALLEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1209-CR-782 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Jr., Judge
Cause No. 34D01-1105-FA-417

**April 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Franklin Allen ("Allen") pleaded guilty to one count of possession of cocaine within 1000 feet of school property[1] as a Class B felony. Allen appeals from the trial court's sentencing order, contending that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 20, 2011, the State charged Allen with: Count I, Class B felony dealing in cocaine on April 8, 2011; Count II, Class B felony dealing in cocaine on April 12, 2011; Count III, Class A felony dealing in cocaine within 1000 feet of school property on April 18, 2011; and Count IV, Class D felony intimidation on April 8, 2011. About a year later, the State and Allen entered into a Recommendation of Plea Agreement, whereby Allen agreed to plead guilty to one count of Class B felony possession of cocaine within 1000 feet of school property, as a lesser included offense of Count III, and the State would dismiss the remaining three counts. Judgment and sentencing would be deferred while Allen participated in a drug court program, and if he successfully completed the program, the charge would be dismissed. *Appellant's App*. at 49-50. If Allen failed to complete drug court, the trial court would enter judgment of conviction, and Allen would be sentenced. The sentence was "left to the discretion of the Court after evidence and argument." *Id*. at 49.

In connection with Allen's plea deal, Allen signed a Drug Court Program Participation Agreement ("the Agreement") on May 2, 2012, and entered into the Howard

[1] *See* Ind. Code § 35-48 -4-6.

2

County Adult Drug Court Program ("Drug Court"). The Agreement contained the conditions of Allen's participation in Drug Court. Under the Agreement, Allen agreed, in pertinent part, to: cooperate in all evaluations and screenings to determine treatment and rehabilitative needs; comply with all treatment recommendations; cooperate with Drug Court staff, team members, and treatment providers; keep all scheduled court appearances, check-ins, and appointments; keep his case manager informed; and be truthful. *Appellant's App*. at 51, 53. As part of the Agreement Allen also stated:

> I understand that in order to participate in the Drug Court Treatment Program, I will (or have already) plead guilty to the charge(s) against me, but that sentencing will be deferred, pending my successful completion of the Drug Court Program, in which case the pending case will be dismissed, or until I am terminated from the Drug Court Program, in which case, I will be sentenced in connection with the pending case. . . . .

*Id*. at 52-53.[2] Following a May 2, 2012 change of plea hearing, the trial court accepted the Agreement and Allen's plea of guilty to Class B felony possession of cocaine within 1000 feet of school property and dismissed the remaining charges. The trial court deferred further proceedings pending Allen's participation in drug court. Allen "was ordered to reside at the Kokomo Rescue Mission ("the Mission") until further order of the court." *Appellee's Br.* at 4.

Allen violated the Agreement about a week later, but the trial court gave Allen a second chance. *Appellant's App*. at 6. For three weeks, Allen followed the Agreement. On May 31, 2012, Allen left the Mission and did not return. *Tr*. at 34. After learning of Allen's departure, Laura Stiner ("Stiner"), the Drug Court coordinator, obtained a warrant

---

[2] While the entire Agreement can be found in *Appellant's Appendix* on pages 51-53, the pages of the Agreement itself do not appear in consecutive order.

for his arrest; the warrant was issued on June 1, 2012, and Allen was arrested a month later on June 30, 2012. During the month of June, Allen had no contact with his probation officer, case manager, treatment providers, or the trial court. Additionally, Allen failed to keep his scheduled court appearances, check-ins, or any of his appointments—all of which were required for participation in Drug Court. On July 11, 2012, Stiner filed a Notice of Intent to Terminate Allen from Drug Court. On August 1, 2012, following the trial court's fact-finding hearing on a Petition to Terminate from Drug Court, the trial court found that Allen had failed to comply with the Agreement and terminated his participation in Drug Court. *Tr.* at 36. One month later, Allen was sentenced to twenty years executed incarceration. Allen appeals that sentence.

## DISCUSSION AND DECISION

Allen argues that his twenty-year executed sentence is inappropriate in light of the nature of the offense and the character of the offender. Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). Furthermore, our review under Appellate Rule 7(B) focuses on

4

whether the sentence imposed is inappropriate, rather than whether another sentence is more appropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

As to the nature of the offense, Allen contends that there was no physical injury or pecuniary loss, and because he committed the crime while in the presence of a confidential informant, the crime did not involve an actual victim. Allen notes that the absence of children in the area and his brief presence within the 1000-foot zone of school property are both factors that weigh in his favor. Allen, however, failed to raise any of these considerations during the sentencing hearing. Assuming without deciding that the nature of Allen's offense was not extraordinary, we conclude that Allen's sentence is not inappropriate in light of his character.

As to Allen's character, the pre–sentence investigation report reveals his long history of involvement in the criminal justice system. Allen's criminal record dates back to 1977 when he was convicted of assault and battery. Since then, he has been convicted of disorderly conduct, battery, Class D felony criminal recklessness, Class D felony receiving stolen property, three counts of Class C felony forgery, Class D felony residential entry, Class C felony burglary, Class A misdemeanor battery resulting in bodily injury, and four counts of Class A misdemeanor check deception. Allen has at various times violated his parole and had his suspended sentence revoked.

In the instant case, Allen entered into a plea agreement that enabled him to plead guilty to one count of Class B felony possession of cocaine within 1000 feet of school property. In exchange the trial court dismissed the remaining three counts—two of which were Class B felonies. Additionally, Allen was given the opportunity to participate in

5

Drug Court and have the judgment of conviction and sentencing delayed on the Class B felony charge with the promise that successful completion of Drug Court would result in all charges being dropped. Allen violated Drug Court less than a week after he entered into the Agreement. The trial court, however gave Allen a second chance. While Allen initially took advantage of this second chance to follow the rules of Drug Court, it was just three weeks later that Allen left the Mission without permission from Drug Court personnel and disappeared for a month. A defendant's criminal history alone can be sufficient to warrant a maximum sentence. *See Smith v. State*, 839 N.E.2d 780, 788 (Ind. Ct. App. 2005) (maximum sentence was not inappropriate in light of four prior felonies and numerous misdemeanor convictions over span of twenty years). Allen has failed to meet his burden of establishing that his sentence is inappropriate in light of his character.

Affirmed.

VAIDIK, J., and PYLE, J., concur.